NICHOLLS
vs.
MARSHALL ET AL.    It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.

---

### NICHOLLS vs. MARSHALL ET AL.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

Where an appeal is made returnable *in the next term* of the Supreme Court,
it will be considered as returnable to the first day of the term, as required
by law.

Where a party has had a suspensive appeal granted to him, if he finds
himself unable to give the required security, he may avail himself of a
devolutive appeal by only giving bond with security for costs.

Where a person binds himself in writing, on the back of a promissory note,
to pay its amount at a particular date, if not paid sooner, he will not be
entitled to notice as an endorser, in case of non-payment by the maker.

This is an action against the defendant, C. G. Johnson, as
drawer, and Brisbane Marshall, as co-obligor of the following
promissory note.

" On or before the first day of March, 1832, I promise to
pay Josias Gray, or bearer, nine hundred and thirty-seven
dollars, and the same to bear ten per cent. per annum after
due, until paid. For value received, this 12th day of March,
1831."                              " C. G. JOHNSON."
Endorsed. " I hold myself liable for the payment of the
within amount, twelve months from this date, if not sooner
paid by the obligor.
" December 6, 1832.                   B. MARSHALL."

The defendant, Marshall, pleaded a general denial. Johnson let judgment go by default, but on judgment being rendered against Marshall, he appealed.

The appeal in this case was granted in the following terms:

"Let the appeal be granted to *stay execution*, on the petitioner's giving bond and security in a sum exceeding the amount of the judgment by one half, returnable to the Supreme Court at Baton Rouge *in August next.*"

"January 8th, 1835."

[When this appeal was taken, the Supreme Court was required by law to hold an annual term at Baton Rouge, beginning on the first Monday in August each year.]

The appeal bond was given for the sum of eight hundred dollars, dated the 9th of January, 1835. The amount of the judgment appealed from is nine hundred and thirty-seven dollars, exclusive of interest.

*Downs* and *Cooley*, for the plaintiff, made the following points :

1. No return day is fixed in the order of the judge, granting the appeal. *Code of Practice, article 574.*

2. The petition of appeal prays for, and the order of the judge grants an appeal, on appellant's giving bond, to stay execution, and the amount of the bond given does not comply with the order or the law. *Code of Practice, art. 574.*

3. Should the appeal not be dismissed, as above prayed for, then the appellee answers, that the judgment of the court below was just and correct and conformable to law, and prays that the same may be affirmed with costs.

*Boyle* and *Turner, contra.*

*Martin,* J., delivered the opinion of the court.

In this case the plaintiff's counsel moved to dismiss the appeal on two principal grounds ; *first,* that it was not made properly returnable, and *second,* that the appeal bond was insufficient.

Where an appeal is made returnable in *the next term* of the Supreme Court, it will be considered as returnable to the first day of the term, as required by law.

Where a party has had a suspen-

EASTERN DIST.    The appeal was made returnable the next August term of
*June*, 1836.    the Supreme Court, then to be held at Baton Rouge, after it

GIBBONS    was allowed.    The bond given was for a less sum than that
*vs.*    fixed by the judge from whose court a suspensive appeal was
WRIGHT ET AL.
sive appeal gran- prayed and allowed.
ted to him, if he
finds himself un-    It appears to this court that the return day must be
able to give the considered to be the first day of the term, no particular day
required securi-
ty, he may avail having been mentioned.    In relation to the appeal bond,
himself of a de- where the party has obtained a suspensive appeal, if he
volutive appeal,
by only giving cannot find the required surety in such cases, he may avail
bond with secu- himself of a mere devolutive appeal, by giving bond with
rity for costs.
     Where a per- security in such sum as will cover costs.
son binds him-
self in writing,    On the merits of this case, the only question presented for
on the back of a solution is, whether a person who has bound himself in
promissory note,
to pay its amount writing on the back of a note to pay its amount on a given
at a particular day, if it be not paid before, is entitled to the same notice as
date, if not paid
sooner, he will an ordinary endorser.    The District Court correctly held that
not be entitled to in such case he is not.
notice as an en-
dorser, in case
of non-payment
by the maker.
     It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed, with costs.